FILED
U.S. District Court
District of Kansas
02/23/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN W. ALTON, )
 )
          Petitioner, )
 )
v. ) Case No. 25-3217-JWL
 )
DOUGLAS J. CURTIS, Commandant, )
United States Disciplinary Barracks, )
 )
          Respondent. )
 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his convictions by a court martial. For the reasons set forth below, the Court **denies** the petition.

In July 2021, petitioner was convicted by a court martial of various offenses, including involuntary manslaughter, arising from a May 2019 incident in which petitioner drove a vehicle while intoxicated and struck and killed a bystander. The Air Force Court of Criminal Appeals (AFCCA) affirmed the convictions, and the Court of Appeals for the Armed Forces (CAAF) denied review of that decision. *See United States v. Alton*, 2023 WL 3144078 (A.F. Ct. Crim. App. Apr. 28, 2023), *rev. denied*, 83 M.J. 436 (Ct. App. Armed Forces 2023), *motion for reconsideration denied*, 83 M.J. 465 (Ct. App. Armed Forces 2023). On direct appeal, the AFCCA rejected petitioner's jurisdictional argument, holding that even though petitioner's term of service had been due to expire in November 2018, he had not been effectively discharged from the Air Force for the purpose of court-

martial jurisdiction. *See id.* at *5-6. Petitioner then filed habeas petitions in the military appellate courts, arguing that 10 U.S.C. § 651(a) deprived the military courts of jurisdiction over him because more than eight years had elapsed since he began his "initial period" of enlistment; but those courts dismissed the petitions because appellate review of petitioner's case had been completed. *See In re Alton*, 2024 WL 5135917 (A.F. Ct. Crim. App. Dec. 17, 2024), *motions for reconsideration and for rehearing denied* (Jan. 21, 2025); *In re Alton*, 85 M.J. 452 (Ct. App. Armed Forces 2025).

Petitioner, who is confined within this judicial district, initiated this habeas action on October 6, 2025. By his petition, petitioner asserts the claim that the military courts declined to address, namely that his court martial lacked jurisdiction over him pursuant to 10 U.S.C. § 651(a).[1] That statute provides as follows:

> Each person who becomes a member of an armed force . . . shall serve in the armed forces for a total initial period of not less than six years nor more than eight years, as provided in regulations prescribed by the Secretary of Defense for the armed forces under his jurisdiction . . . .

*See id.* Petitioner argues that because by the time of his court martial more than eight years had passed since his enlistment in August 2012, and because he did not voluntarily consent to an extension beyond that period, the court martial lacked jurisdiction to convict him. Respondent has filed an answer to the petition, petitioner has filed a reply brief, and thus the matter is ripe for ruling.

---

[1] Respondent does not argue a lack of exhaustion here, and he concedes that the Court should review this issue *de novo*.

The Court rejects petitioner's claim that Section 651(a) deprived the court martial of jurisdiction over him. That statute does not say anything about military court jurisdiction; rather, it states only that a member's "initial period" of service shall be for a period of not less than six years and not more than eight years. Petitioner has not shown any violation of that statute, as he relates that his initial period of service was for a term of six years, which he then extended another year. Petitioner argues that because he never voluntarily consented to a further extension, his period of service expired in August 2020, prior to his court martial. Section 651(a) does not state, however, that a service member is automatically discharged after eight years absent voluntary reenlistment. Indeed, 10 U.S.C. § 1168(a) indicates that expiration of a term of service does not automatically effect the member's discharge, as that statute provides that a member may not be discharged until a certificate and the member's final pay are ready for delivery. *See id.*[2]

Rather, the military courts' jurisdiction is explicitly governed by 10 U.S.C. § 802(a), which subjects to the Uniform Code of Military Justice (UCMJ) active service members, "including those awaiting discharge after expiration of their terms of enlistment." *See id.* § 802(a)(1). Thus, Congress has made clear that military courts have jurisdiction until discharge of the service member. Section 651 does not contain any language that overrides that mandate of Section 802(a)(1), and no court has interpreted or applied the former statute in the manner urged by petitioner.

---

[2] Moreover, respondent notes – and petitioner does not dispute – that regulations allow a member's service to be extended for the purpose of asserting court-martial jurisdiction over him.

Petitioner has not challenged the military courts' ruling on the issues raised on direct appeal; rather, in this action he raises only the separate issue regarding Section 651(a) that the military courts declined to consider. Thus, petitioner does not challenge that military court's ruling that he had not been discharged from service and accordingly was subject to court-martial jurisdiction under Section 802(a)(1). Section 651(a) does not restrict jurisdiction under Section 802(a)(1). The Court therefore denies the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of February, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge